IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 11 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02798-BNB

SIRRLOVE R. WILLIAMS,

    Plaintiff,

v.

RICHARD LABER, Badge #04066,
JOHN DOES 1 and 2, and
CITY AND COUNTY OF DENVER,

    Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Sirrlove R. Williams, is a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Bent County Correctional Facility in Las Animas, Colorado, when he initiated this action. He since has informed the Court that he is incarcerated at the correctional facility in Trinidad, Colorado. He filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of the state court criminal proceedings against him. As relief, Mr. Williams seeks injunctive relief.

    Mr. Williams was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable

claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe Mr. Williams' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Williams alleges that his constitutional rights were violated during the course of his state court criminal proceedings. He specifically alleges that on approximately November 19, 2008, the Defendant police officers committed perjury when they testified against him at his preliminary hearing. He complains that the City and County of Denver failed to hold its police officers to standards that would prevent their perjury. As relief he asks for better enforcement of rules and regulations by high-ranking police officers; the implementation of a rule to prevent officers from making differing statements, apparently in court; and the removal of Officer Laber from the police force for his alleged perjury. He also asks for the creation of a unit to monitor Fourth

Amendment violations.

Mr. Williams' claims pursuant to 42 U.S.C. § 1983 will be dismissed because those claims are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). Pursuant to **Heck**, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87.

Although Mr. Williams does not seek damages, **Heck** applies "when the concerns underlying **Heck** exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." **See Lawson v. Engleman**, 67 Fed. Appx. 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing **Beck v. City of Muskogee Police Dep't**, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). **Wilkinson v. Dotson**, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Williams' allegations--i.e., perjured testimony at his criminal proceedings--his request for injunctive relief necessarily implies the invalidity of his conviction or sentence. **Lawson**, 67 Fed. Appx. at 526 n.2 (citing **Kutzner v. Montgomery County**, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to

attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983"). Success on Mr. Williams' claims of perjured testimony would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for injunctive relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this ___ day of _____, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02798-BNB

Sirrlove R Williams
Prisoner No. 83577
Trinidad Correctional Facility
PO Box 2000
Trinidad, CO 81082

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk